IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| *Plaintiff,* | |
| *v.* | CAUSE NO. 3:12-CR-116-CWR-FKB-3 |
| **GEORGE GUSTON, III,** | |
| *Defendant.* | |

### ORDER

Before the Court is George Guston, III's *pro se* motion for early termination of supervised release. Docket No. 508. Upon review, the motion will be granted.

In March 2013, Mr. Guston pleaded guilty "to one count of conspiracy to possess with intent to distribute 280 grams or more of cocaine base under 21 U.S.C. §§ 846, 841(b)(1)(A) and 851." Docket No. 476 at 1. This Court sentenced him to serve time in federal prison, three years of supervised release, a fine, and the mandatory special assessment. *Id.* In January 2021, this Court granted Mr. Guston's motion for compassionate release and resentenced him to time served. *Id.* at 10. The three-year term of supervised release remained in place. *Id.* at 11.

Mr. Guston now requests to be relieved from the final six months of his term of supervised release. Docket No. 508. He says he has been on supervised release without difficulty for 42 months[1] and "has been very successful in his transition back into society." *Id.* at 1. He describes a positive trajectory in the maintenance field, the establishment of his own

---

[1] The Court does not understand this estimate. Mr. Guston has been on supervised release for approximately 30 months. The government states that Mr. Guston's "three-year term of supervised release began on January 19, 2021, and will expire on January 18, 2024." Docket No. 509 at 4.

company providing maintenance and handyman services, volunteer work speaking to youth about incarceration, ministering, and preparations to become a home inspector. *Id.* at 2.

The legal standard is familiar:

> A sentencing court retains jurisdiction to modify the conditions of supervised release after considering certain factors. *See* 18 U.S.C. § 3583(e). These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to afford adequate deterrence to criminal conduct; (3) the need to protect the public from further crimes of the defendant; (4) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (6) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. § 944(a); (7) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*United States v. Insaulgarat*, 289 F. App'x 738, 739 (5th Cir. 2008); *see United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997) ("Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of § 3553(a).").

In addition to considering these factors, this Court considers input from the law enforcement personnel most familiar with the defendant's post-release conduct: the U.S. Probation Officer assigned to the defendant.

In this case, Probation Officer Chris K. Whitver reports that Mr. Guston has maintained "employment throughout his supervision," "compliance with all other conditions of supervision," "a positive attitude[,] and has responded well to any assistance

provided by probation." Officer Whitver concludes that "based on his *exemplary* compliance, this officer has no objection should the Court elect to grant Guston's motion for early termination." (Emphasis added.)

Upon review, the Court is persuaded that Mr. Guston's final six months of supervised release should be terminated. His conduct to date has been admirable in every area: from the most basic (refraining from further criminal activity), to returning to productive and gainful activities (his continued employment in the hospitality industry), and even to giving back to the community (his ministering and efforts to deter youth from criminal enterprises). The § 3553(a) factors also support the end of supervised release. Mr. Guston served a sufficient but not greater than necessary sentence that reflected the seriousness of his offense, promoted respect for the law, sought to deter others' criminal conduct, and provided just punishment for his crime. Between the required factors and the Probation Officer's assessment, more than ample circumstances exist that justify the end of continued government-funded supervision.

This conclusion aligns with the Committee on Criminal Law's 2012 recommendation that "[t]erminating appropriate [supervised release] cases before they reach their full term saves resources and allows officers to focus on offenders who continue to pose the greatest risk of recidivism." Memorandum of Hon. Robert Holmes Bell, Chair, Committee on Criminal Law of the Judicial Conference of the United States, *Cost-Containment Strategies Related to Probation and Pretrial Services Offices* (Feb. 16, 2012). As Judge Bell's Memorandum explained, research from the Administrative Office of the U.S. Courts indicated that defendants that received early termination of their supervised release "were arrested less often, for less serious charges, and were sentenced to terms of imprisonment less often. From

a policy standpoint, it appears that the above criteria, when properly applied, does not jeopardize public safety." *Id.* All signs point toward that being the case here.

For these reasons, the motion is granted. Mr. Guston's term of supervised release shall conclude as of this date.

**SO ORDERED**, this the 26th day of July, 2023.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
